The appellant, James Michael Rhodes, was convicted of two counts of sodomy, violations of § 13A-6-63, Code of Alabama 1975, and sexual abuse, a violation of § 13A-6-66, Code of Alabama 1975. He was sentenced to 10 years in prison on one of the sodomy convictions, to 12 years in prison on the other sodomy conviction and to 6 years in prison on the sexual abuse conviction, to be served concurrently.
This case involves two victims: C.R., the appellant's daughter, and C.H., the appellant's niece by marriage. The state's evidence tended to show that in the summer of 1989, C.R., C.H., and M.R., also the appellant's daughter, were in the appellant's bedroom of his apartment in Tarrant City, Alabama. The appellant's wife at the time, Linda Rhodes, was also in the bedroom. C.H. and M.R. testified that the appellant told them that he wanted all of them to perform oral sex on him. C.H. testified that after C.R. performed oral sex on the appellant he grabbed C.H. by the hair and forced her to perform oral sex on him. He told her not to tell her mother because she would not believe her. Linda Rhodes also testified that the appellant told them that they would not get anything to eat unless they all performed oral sex on him.
C.H. further testified that sometime that same evening after the incident in the bedroom, the appellant made all of them take turns bathing with him. C.H. said that while the appellant and she were in the tub the appellant touched her between her legs and on her breasts.
The appellant testified in his own behalf about a letter he had written to Linda Rhodes regarding the incident in the bedroom. He testified that he wrote in the letter that Linda had told him that the girls had a contest to see who could perform the best oral sex on him while he was sleeping. The appellant said that he woke up while one of the girls was performing oral sex on him and that he then chased them out of his room.
 I
Sodomy is defined in § 13A-6-63 as follows:
 "(a) A person commits the crime of sodomy in the first degree if:
 "(1) He engages in deviate sexual intercourse with another person by forcible compulsion. . . ."
(Emphasis added.)
The appellant initially contends that there was no evidence to show that he used forcible compulsion to sodomize C.R.
Forcible compulsion is defined in § 13A-6-60(8) as the "physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." (Emphasis added.)
The Alabama Supreme Court in Howell v. State, 636 So.2d 1260
(Ala. 1993), addressed what is necessary to establish the element of forcible compulsion. The court stated:
 "In Powe v. State, 597 So.2d 721 (Ala. 1991), this Court held that the element of forcible compulsion could be established by the relationship of a child victim with the defendant charged with a sex crime involving forcible compulsion. . . . In Powe, this Court adopted the reasoning employed in State v. Etheridge, 319 N.C. 34, 352 S.E.2d 673 (1987), and Commonwealth v. Rhodes, 510 Pa. 537, 510 A.2d 1217
(1986). In both of those cases, the victim was a minor child.
 "In Etheridge, the North Carolina Supreme Court affirmed the defendant's conviction of sodomy in connection with the sexual assault of his minor son, even though the record revealed no evidence that the defendant had used physical force. 319 N.C. at 47, 352 S.E.2d at 675. That court held that a jury could find that a child's general fear of a parent is equivalent to the force necessary to commit a forcible sexual assault. 319 N.C. at 48, 352 S.E.2d at 682. The court stated:
 " 'The child's knowledge of his father's power may alone induce fear sufficient to overcome his will to resist, and the *Page 1124 
child may acquiesce rather than risk his father's wrath. As one commentator observes, force can be understood in some contexts as the power one need not use. Estrich, Rape, 95 Yale L.J. 1087, 1115 (1986).
 " 'In such cases the parent wields authority as another assailant might wield a weapon. The authority itself intimidates; the implicit threat to exercise it coerces.'
 "319 N.C. at 48, 352 S.E.2d at 681-82 (quoted in Powe, supra, at 726-27).
 ". . . . "The Pennsylvania Supreme Court in Rhodes held that the term 'forcible compulsion,' as used in Pennsylvania's rape statute, includes not only physical force or violence, but also moral, psychological, or intellectual force used to compel a person to engage in sexual intercourse against that person's will. That court looked to the totality of the circumstances to determine whether the evidence supported a finding that the defendant had used forcible compulsion. The factors to be weighed in that determination would include:
 " '[T]he respective ages of the victim and the accused, the respective mental and physical conditions of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a position of authority, domination or custodial control over the victim, and whether the victim was under duress.'
 "510 Pa. at 556, 510 A.2d at 1226 (quoted in Powe, supra, at 728)."
Howell, 636 So.2d at 1262.
Under the test articulated in Howell, whether forcible compulsion was present was a question for the jury to determine. C.R. was the appellant's daughter and was 12 years old and the appellant was 35 years old at the time of the incident. There was testimony that the appellant had told the girls that if they did not perform oral sex on him he would deny them food. C.R., who did not live with the appellant, was visiting the appellant; the appellant had picked her up and brought her to his apartment. The court correctly submitted the cause to the jury on this issue.
 II
The appellant next contends that it was error to sentence him twice for the sodomy and sexual abuse of C.H., because both offenses were part of one "continuous transaction."
Though the acts occurred during the course of one evening, it is clear from C.H.'s testimony that two separate instances were involved. The sodomy occurred earlier in the evening in the appellant's bedroom and the sexual abuse occurred later while the appellant and C.H. were taking a bath. The court correctly sentenced the appellant for each offense.
The appellant further contends, in regard to this issue, that there was no evidence that he used "forcible compulsion" to sexually abuse C.H. We do not agree. See part I.
C.H. testified that the appellant forced her to perform oral sex on him in the bedroom by grabbing her hair and pushing her head into the general area of his penis. The victim was 12 years old at the time and the appellant was her uncle by marriage. As the state argues, it was not unreasonable for the jury to conclude that the force used on C.H. in the bedroom was also present, in her mind, when she entered the bathroom to take a bath with the appellant. Considering all of the evidence, the question whether forcible compulsion sufficient to satisfy the sexual abuse statute was present, was a question correctly left for the jury's consideration.
For the foregoing reasons, the judgment in this cause is due affirmed.
AFFIRMED.
All the Judges concur. *Page 1125