FRY, Judge,
dissenting.
I respectfully disagree with the majority’s conclusion that the state presented sufficient evidence of the required element of “forcible compulsion” to sustain B.E.’s adjudication of delinquency for the charges of sexual abuse in the first degree and sodomy.
Section 13A-6-60(8), Ala.Code 1975, defines forcible compulsion as the “physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person.” (Emphasis added.)
The Alabama Supreme Court in Powe v. State, 597 So.2d 721 (Ala.1991), and Howell v. State, 636 So.2d 1260 (Ala.1993); and this Court in Rhodes v. State, 651 So.2d 1122 (Ala.Cr.App.1994), recognized that “forcible compulsion” includes more than the exercise of sheer physical force or threats of violence and “is relative depending upon the facts and circumstances of a particular case.” Moreover, if “forcible compulsion” is evidenced by a threat, then the person issuing the threat must play a dominant role in the child’s life. As the Supreme Court stated in Powe v. State, “fear of the parent resulting from love or respect may play a role as great as or greater than that played by fear of threats of serious bodily harm in coercing a child to submit to a sexual act.” 597 So.2d at 729.
The defendants in Powe, Howell, and Rhodes played a dominant role in their victims’s lives. The statements made by the defendants in these cases threatened their victims’s physical or emotional well-being. In Powe, the victim testified that she complied with her father’s sexual assault because she feared him. In Howell, the defendant, who was the victim’s stepfather, used physical force and threatened the victim that if she told anyone what had happened her family would breakup. In Rhodes, the defendant told his victims that if they did not perform oral sex on him, he would deny them food. In each of these cases, the defendant played a dominant role in the victim’s life and threatened the victim’s physical well-being or the victim’s family structure. Thus, the law has narrowly defined when the evidence, in light of the totality of the circumstances, supports a finding that a defendant used forcible compulsion; I believe that these cases establish that the evidence exhibiting “forcible compulsion” must inherently be of such a degree as to place the victim in fear of physical or emotional harm or serious physical injury and must be issued by a person in an authoritative position in the victim’s life.
I find the acts of B.E. to be disgusting and deplorable, but I cannot agree with the majority’s conclusion that a 14-year old’s statement that he would not allow A.S. to enter his room if she told anyone about the incident constitutes “forcible compulsion.” B.E., even though he babysat A.S., did not play a dominant role in A.S.’s life; he did not have the “great influence that an adult who plays a dominant role in a child’s life may exert over the child.” Powe v. State, 597 So.2d at 728. This fact is exhibited by the fact that B.E. only babysat A.S. while their parents were at work and by the nature of his threat — the withdrawal of a privilege. Unquestionably, he recognized his limited authority over A.S. by the threat to withdraw a privilege as opposed to a threat of physical harm.
While I agree with the majority that the focus in Powe is on the point of view of the child victim, I cannot agree with the ma *868 jority’s adoption of the state’s reasoning that “from A.S.’s point of view, she would have to obey [B.E.] because he was left in charge” and that establishes that B.E. exercised dominant authority and control over A.S. Yes, A.S. was a small child, but her testimony indicated that she knew B.E. was only a baby-sitter. Additionally, A.S.’s spontaneous, voluntary admission to her day care teacher in front of a group of children that B.E. had touched her indicates that she was not timid and that she did not believe B.E.’s threat not to let her enter his bedroom implied disciplinary action or emotional harm. A.S.’s actions and testimony indicate that she did not feel the heightened physical or emotional fear required to establish forcible compulsion. Thus, I do not believe that the facts of this case fit within the narrow definition of forcible compulsion presented in Powe, Howell, and Rhodes. B.E. did not play a dominant role in A.S.’s life and I do not believe that a threat not to let A.S. enter a bedroom if she told what B.E. had done constitutes sufficient evidence of “forcible compulsion.”
The Supreme Court in Powe and Hoio-ell, and this Court in Rhodes, found by implication that certain acts by a dominant person in the victim’s life were the legal equivalent of forcible compulsion. The majority in this case, by diluting the plain meaning of “forcible compulsion,” has now made this an element of little significance — almost to the point that forcible compulsion is equivalent to annoyance or mere inconvenience to the victim.
The state presented ample evidence that B.E.’s behavior constituted a criminal offense, i.e., child abuse in violation of § 26-15-3, Ala.Code 1975. Moreover, I believe that the facts of this case indicate a criminal offense, which is unfortunately on the rise, that the Legislature needs to address. However, under present Alabama law, I believe the state did not establish the element of forcible compulsion to sustain a finding of delinquency on the charges of sexual abuse in the first degree and sodomy in the first degree; therefore, I must respectfully dissent.